Dear Mr. Koplik:
This opinion is issued in response to your request concerning the following question:
 What procedures must be followed in those instances when the Coordinating Board for Higher Education wishes to move into executive session and further, to what extent, if any, does information regarding proceedings of an executive session need to be made public record?
It is assumed for purposes of this opinion that your reference in your request to "moving into executive session" is synonymous with moving into a "closed" meeting or one from which the public is excluded. Therefore, the provisions of Chapter 610, RSMo, commonly known as the "Sunshine Law," are pertinent to the question. Section 610.015, RSMo, states:
 Except as provided in section 610.025, and except as otherwise provided by law, all public votes shall be recorded, and if a roll call is taken, as to attribute each `yea' and `nay' vote, or abstinence if not voting, to the name of the individual member of the public governmental body, and all public meetings shall be open to the public and public votes and public records shall be open to the public for inspection and duplication.
This section sets forth the general proposition that all "public" meetings, votes and records shall be open, and it appears to go without saying that a meeting, vote, or record of the Coordinating Board for Higher Education would constitute a public meeting, public vote or public record as those terms are defined in § 610.010, RSMo. The section does, however, provide that § 610.025, RSMo, constitutes an exception to the general proposition for opening public meetings, votes, and records. Furthermore, the section recognizes that other laws relating to disclosure may be given effect over the provisions of § 610.015, when it states "and except as otherwise provided by law."
There does not appear to be any provision under the statutes relating to the coordinating board which would exempt the board from the provisions of § 610.015; so the board must open all meetings, votes, and records unless §610.025, RSMo, provides an exception to the open requirement. Thus, the first thing the board must determine before closing a meeting or portion of a meeting is whether the subject matter of the business is such that it falls within an exception set out in § 610.025.
In determining whether the subject matter of the business to be transacted falls within one of the exceptions set out in § 610.025, the board should be aware of a recent decision,Hudson v. School District of Kansas City, 578 S.W.2d 301
(Mo.App. W.D. 1979). In that case, the court was faced with deciding whether certain meetings of the Kansas City School Board were meetings "relating to the hiring, firing or promotion of personnel" and thus entitled to be closed under the terms of § 610.025.4, RSMo. The court of appeals overturned the trial court's broad interpretation of the phrase "relating to" as used in § 610.025.4. The court noted that the legislature's intent to require open meetings would be seriously affected unless the phrase "relating to" was kept narrowly defined. Thus when § 610.025.4 allows for closing meetings "relating to" hiring, firing or promotion of personnel, the subject matter of the business to be transacted should concern hiring, firing or promotion of specific individual personnel rather than a discussion of underlying program or policy changes that might generally affect the employment status of school personnel. The court justified the strict interpretation of the section's exemption by examining the underlying rationale for the exemption. Noting that privacy of the employee discussed was the basis for the exception, the court reasoned that specific individuals must be the topic of discussion to warrant a closing of the meeting.
The board should keep this Hudson case in mind when determining whether the business to be transacted specifically falls within the exceptions outlined in § 610.025. The board should note that the court in Hudson narrowly construed the exception in § 610.025.4. This indicates that the courts will strictly hold governmental bodies to the specific exempted areas and will not except from the open requirement that business not directly concerning exempted subject matter. The case is also significant in its warning that the fact that some business may fall within § 610.025, does not warrant the closing of an entire meeting where nonexempt business is discussed. The board should be careful to limit discussion in a closed meeting to those subjects which specifically fall within § 610.025.
When it is determined that particular business to be handled by the board falls within one of the excepted subject matter areas under § 610.025, it appears that in moving into a "closed" meeting, the board must consider the decision to close the meeting as the transaction of business, and must therefore follow the procedural rules for transacting business in closing the meeting. This is to say that a motion should be made to close the meeting based on the determination that the subject matter to be discussed or acted upon falls within an exception under § 610.025. The movant should state the general nature of business to be discussed and the justification for closing the meeting. The motion need not reveal the nature of the business to the extent that the necessity for closing is lost; however, it should apprise the public of the nature of the business so that the public will have a basis upon which to judge whether the board is acting lawfully in closing the meeting. The motion should be seconded and duly passed before the meeting is closed. This procedure is not specifically called for in Chapter 610; however, it would appear to go without saying that since the ability to close the meeting under § 610.025
is permissive rather than mandatory, the majority of the board required to transact business or make decisions must decide that they wish the meeting closed. This means that in closing a meeting, the board must always first meet in open session to vote to close the meeting. This procedure not only recognizes that the board should duly vote to decide that the nature of the subject matter warrants a closing, it further recognizes that the public has a right to know that the board has voted to close, and the reason stated for the closing.
It should be noted that this requirement of meeting in open session to close the meeting should be followed even where the subject matter of all the business to be transacted is such that the entire meeting can justifiably be closed and the public present only for the vote to close the meeting. There is one question raised with regard to this requirement which should be discussed. If an open meeting is held and a vote duly taken to hold a closed meeting due to the subject matter to be discussed or business transacted, must the closed meeting be held at that time or upon another publicized time and place, or can a body in an open meeting vote to close the meeting and hold that closed meeting at an undisclosed and unpublicized time and place in the future? In answering this question one must examine the requirements of § 610.020, RSMo. That section provides that the governmental body notify the public of all "special public meetings." Does this requirement preclude the body holding a publicized open meeting from voting that particular subject matter justifies the closing of a meeting and from holding that meeting at some future date which may be unannounced or unpublicized? It would appear that such is not precluded by § 610.020, RSMo, for that section requires notice of a "special public meeting." "Public meeting" is defined under § 610.010(3), RSMo as ". . . any meeting, formal or informal, regular or special, of any public governmental body, at which any public business is discussed, decided or public policy formulated; . . ." While this definition appears to encompass all, it should be noted that "closed meeting" is also defined under § 610.010(1), RSMo, as ". . . any meeting . . . closed to the public . . ." Therefore, if the subject matter to be discussed is such that a meeting may be closed under § 610.025, RSMo, and a vote to close is duly taken in an open, publicized meeting, the meeting is a "closed meeting" rather than a "public meeting," and the notice required in §610.020, RSMo, would not control. The important act would appear to be the vote to close conducted in an open publicized meeting, rather than notice of a "closed" meeting. Once this open vote has occurred with opportunity for the public to be aware of the vote to close and the reasons therefore, the chapter does not appear to preclude the holding of the meeting at some point in the future that is not disclosed.
Once the board has voted to close the meeting, all
members of the general public should be removed. The board cannot discriminate in which members of the public it might wish to remove or allow to stay.
The second portion of the opinion request concerns whether information regarding proceedings of an executive session need to be made public. In answering this question, reference needs to be made to the earlier discussion of the relation of the § 610.025 exemptions to the § 610.015 requirement of openness. Section 610.015 states that "[e]xcept as provided in § 610.025 . . . public votes and records shall be open." This means that § 610.025 provides not only exceptions to the open meeting requirement, but also provides exceptions to the open vote and open record requirement. It appears that if a meeting is properly closed the vote and the record are also closed. Wilson v. McNeal, 575 S.W.2d 802,810 (Mo.App., St.L.D. 1978). However it is our view that the better practice would be for the public body to specifically vote whether the vote or the record, or both, relating to such closed meeting are open or closed. It is also our view that a vote to open or close the record or the vote, or both could be taken in either the open meeting which declared the meeting closed or in the closed meeting itself.
Minutes that are taken during a closed meeting should be recorded apart from those of the open portion of a meeting so that they are not commingled in such a way as to cause a conflict when one wishes to inspect the minutes of the open session.
Finally, after a vote or record has been closed the vote or record may be opened by the public body. Wilson v. McNeal,supra, l.c. 811.
Conclusion
It is the opinion of this office that the Coordinating Board for Higher Education must open all meetings, votes, and records unless the closing of such meeting, vote, or record is justified under the provisions of § 610.025, RSMo all business discussed or transacted in a closed meeting must fall within the exceptions under § 610.025, RSMo; the board must duly vote at an open public meeting that the board will close the meeting; notification of a closed meeting is not required when the vote to close such meeting has been made at an open meeting of which the public has been notified; all members of the public should be removed from a closed meeting; and if the board lawfully votes to close a meeting, vote, or record under § 610.025, the vote, or record of such meeting is not open under the provisions of Chapter 610, RSMo.
Very truly yours,
 JOHN ASHCROFT Attorney General